UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ELK GROVE ANSWERING SERVICE, et al., | No. 2:10-cv-01759-MCE-GGH |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| HOGGATT, et al., | |
| Defendants. | |

Plaintiffs Elk Grove Answering Service, Inc. ("Elk Grove"), Anna Nottnagel, Ray Nottnagel, Stacey Nottnagel, Stephanie Uecker and Bret Uecker ("Plaintiffs") seek redress from remaining Defendants Kelli Clifford and Elizabeth Sutter ("Defendants") based on alleged violations of the Federal Wiretap Act and California's Invasion of Privacy Act.  Plaintiffs allege that Defendants unlawfully downloaded and eavesdropped on Plaintiffs' confidential and private telephone conversations.

///

///

1

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendants' Motion to Dismiss is granted in part and denied in part.[2]

## BACKGROUND[3]

Elk Grove is a company that maintains answering services for a myriad of businesses, including emergency security services.  For security reasons and to effectuate quality customer service, Elk Grove records *all* incoming and outgoing phone calls at their facility.  Plaintiff Stephanie Uecker was a manager at Elk Grove and often placed personal calls from work.  Ms. Uecker was assigned a personal code number she could enter to indicate the call she was about to place was personal in nature.  Plaintiffs concede that they knew all incoming and outgoing calls were recorded.

///
///
///
///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

2

1  Defendants were also Elk Grove employees.  They are accused
2  of wrongfully accessing the company's computer server to download
3  Ms. Uecker's personal calls between herself and the other
4  Plaintiffs, placing those calls onto flash drives, and then
5  sharing the contents of the calls with third parties.  Plaintiffs
6  allege Defendants' conduct was unlawful, and caused anguish,
7  medical expenses, and other issues associated with the invasion
8  of Plaintiffs' privacy.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the ...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)).
///

3

A plaintiff's "factual allegation must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more ...than ...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2) ...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing ...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs ...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

Once the court grants a motion to dismiss, they must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version.

///
///
///
///

4

1 See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th
2 Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696,
3 699 (9th Cir. 1990) ("A complaint should not be dismissed under
4 Rule 12(b)(6) unless it appears beyond doubt that the plaintiff
5 can prove no set of facts in support of his claim which would
6 entitle him to relief.") (internal citations omitted).

## ANALYSIS

Plaintiffs allege violations of state and federal law and requests relief accordingly. However, the issue before the Court is not the substance of these various claims, but whether Plaintiff has plead enough facts on the federal claim as a general matter, for any to stand. While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable legal theory. See supra.

**A.   18 U.S.C. § 2511**

The Federal Wiretap Act makes is a crime to intentionally intercept electronic communications and also to intentionally disclose the contents of said electronic communications. 18 U.S.C. § 2511(1)(a). Section 2520(c)(2) of the same code authorizes civil damages for such conduct; either the sum of actual damages and profits made from the violation, or statutory damages in excess of $10,000 or $100 per day, whichever is greater.

5

1  Plaintiffs have pled more than enough facts to sustain a
2 claim under this statute.  The Complaint clearly places
3 Defendants on notice that it is plausible their conduct violated
4 the Wiretap Act.  Defendants' Motion to Dismiss this cause of
5 action is denied.

**B.   California Penal Code § 632**

9  This section of California's Penal Code states that anyone
10 who "intentionally and without the consent of all parties to a
11 confidential communication, by means of any electronic amplifying
12 or recording device, eavesdrops upon or records the confidential
13 communication..." is punishable by a fine.  Penal Code § 632(a).
14 A confidential communication is defined as any communication
15 "carried on" that reasonably indicates the communication was
16 supposed to be "confined to the parties" involved.  Id. at
17 632(c).  Plaintiffs concede that they knew their conversations
18 were being recorded.  By definition, Plaintiffs cannot assert
19 their conversations were supposed to be confined and personal
20 under this statute.  Therefore, Defendants' Motion as to this
21 cause of action is granted.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

6

### C.  California Penal Code § 637

Section 637 states that anyone not party to a communication who "wilfully discloses the contents" of a communication without their permission is punishable by imprisonment or a $50,000 fine. Plaintiffs allege Defendants did exactly this, and incorporated suffici facts to sustain a claim upon which relief may be granted.  Defendants' Motion is denied as to this cause of action.

### D.  California Penal Code § 637.1

Penal Code section 637.1 requires that anyone not connected with a "telephone office" who, without consent, opens a sealed envelope containing messages is punishable under the statute. The language specifically requires someone to open a sealed envelope.  Plaintiffs have not pled sufficient facts to sustain this, or even suggest some analogous conduct on the part of the Defendants.  For this reason, Defendants' Motion is granted as to this cause of action.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF No. 6) is GRANTED with leave to amend as to the Second and Fourth Causes of Action, and DENIED as to the First and Third Causes of Action.

///

1  Plaintiffs have not demonstrated any bad faith or other malicious
2  conduct, and therefore may file an amended complaint not later
3  than twenty (20) days after the date this Memorandum and Order is
4  filed electronically.  If no amended complaint is filed within
5  said twenty (20)-day period, without further notice, Plaintiffs'
6  claims will be dismissed without leave to amend.
7      IT IS SO ORDERED.

Dated: November 15, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE